UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HUMPHREY J. DICKINSON, | ) | CASE NO. 4:07 CV3628 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| INTERNAL REVENUE COMMISSION | ) | |
| DEPUTY LINDA STIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

A certified copy of a complaint filed by *pro se* plaintiff Humphrey J. Dickinson was sent by the Cuyahoga County Court of Common Pleas to defendant Ford Motor Company on October 26, 2007.[1] Mr. Dickinson filed the complaint against Ford and Internal Revenue Service (IRS) Deputy Linda Stiff alleging, *inter alia*, "subject matter according to the Bible, Acts 5:37, 38." A Notice was filed by defendant Ford to remove the case to the United States District Court for the Northern District of Ohio on November 21, 2007. Ford subsequently filed a motion to dismiss the

---

[1] The case was captioned, *Humphrey J. Dickinson v. Internal Revenue Commission, et al.*, Case No. CV07639329, Judge Kathleen Ann Sutula.

complaint on November 28, 2007. No opposition to either the removal or the motion to dismiss has been filed by Mr. Dickinson.

*Background*

Mr. Dickinson has been employed by Ford since June 6, 1968. The company began withholding "wages and salary, performance bonuses, and even retirement benefits" in 2003 at the direction of the I.R.S. The I.R.S. further notified Mr. Dickinson on August 31, 2007, that pursuant to 26 U.S.C. 6321, 6322 and 6323 it intended to place a levy on all accounts he owned within 76 days. These are the only facts Mr. Dickinson sets forth in the complaint.

*Analysis*

Mr. Dickinson alleges that the I.R.S. and Ford acted as co-conspirators to "defraud" him of his paychecks, performance bonuses, retirement and life savings under the "false pretext that the Plaintiff owed Federal income tax pursuant to Alcohol, Tobacco and Firearms regulations as a person registered with that agency to conduct business." (Compl. at 4.) He seeks a judgment from this court finding that the defendants engaged in "Fraud and Theft under color of law."

Under Count One in his complaint, Mr. Dickinson maintains that 5 U.S.C. §552 requires agencies to publish their rules. He argues that when rules are not published in the Federal Register, an agency cannot take any adverse action against that party under such rules. It is plaintiff's contention "26 U.S.C. § 6322 and 6323" meet the criteria to be published in the Federal Register, but are not. From this he concludes that the "initiation of the collection of the taxes by the Defendant from the plaintiff is in violation of sec. 5747 of Ohio Revised Code." (Compl. at 3.)

With regard to his allegations against Ford, Mr. Dickinson argues that the defendant "failed to advise him that taxes are voluntary pursuant to 26 CFR 31.3402(p)(1)." (Compl. at 4.)

When Ford started "seizing and distributing the plaintiff's paycheck" it allegedly acted without the "necessary prerequisite Order of Judgment issued by a court of competent jurisdiction, in violation of section 1703.27, and sec. 2913.44 of the Ohio Revised Code." (Compl. at 4.) For the reasons stated below, this action is dismissed.

### *Standard of Review*

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims)..

### *Failure to State a Claim*

Section 6331(a) of the Internal Revenue Code, 26 U.S.C. § 6331(a), provides in relevant part as follows:

> (a) Authority of Secretary or delegate. -- If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the

> accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.

The second sentence of this section does not limit application of the section to federal government employees. *Sims v. United States*, 359 U.S. 108 (1959). The reference to "any person" in the first sentence means that the Secretary could levy upon the wages of any taxpayer. Contrary to Mr. Dickinson's claim that he did not receive the requisite notice, nowhere in the Internal Revenue Code does it require a Notice of Seizure or a Warrant of Distraint to accompany a Notice of Levy. "[L]evy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation." 26 C.F.R. § 301.6331-1(a)(1). No judicial intervention is necessary. *United States v. National Bank of Commerce*, 472 U.S. 713, 722 (1985). The constitutionality of this procedure is well settled. *Id*. at 723.

With regard to Ford's role, any person in possession of the property levied on by the IRS is obligated to forward the property to the government when served with a notice of levy. 26 U.S.C. § 6332. Any person who complies with the notice of levy is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender of payment." 26 U.S.C. § 6332(d). Therefore, having complied with the statutory procedure for collection of taxes, Ford is not obligated to pay to Mr. Dickinson money it has already paid to IRS on the taxpayer's account. Moreover, Ford is not a governmental body, and is not bound by the Due Process Clause of the Fifth Amendment. Under these circumstances, Mr. Dickinson has

no valid monetary claim against Ford.

Not only has Mr. Dickinson failed to argue any cause of action against the I.R.S. or Ford, he is foreclosed from seeking injunctive relief. The Anti-Injunction Act deprives this court of jurisdiction to entertain any suit the purpose of which is to restrain the assessment or collection of any tax. 26 U.S.C. § 7421(a). None of the statutory exceptions applies to suits brought by a taxpayer to enjoin his employer from compliance with an IRS notice of levy. *See id.*

Accordingly, this action is dismissed for failing to state a claim for relief. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/ Patricia A.Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/7/08

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.